UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELLE CANTELLI | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 07-6596 |
| FARMERS INSURANCE GROUP, ET AL. | * | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 6). For the following reasons, the Plaintiff's motion is now DENIED.

**I.  BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff Michelle Cantelli's property located at 600 Codifer Blvd. in Metairie, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Farmers Insurance Exchange ("Farmers"), the Plaintiff's homeowner's insurance carrier, and Fidelity National Insurance Company ("Fidelity"), the Plaintiff's flood insurance carrier. The Plaintiff's flood insurance policy was issued pursuant to the National Flood Insurance Program.[1]

On August 10, 2007, the Plaintiff filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Plaintiff alleges that she is entitled to payment from both Farmers and Fidelity for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

1

Fidelity removed the case to federal court on October 9, 2007, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) commerce clause jurisdiction under 28 U.S.C. § 1337; or (3) diversity jurisdiction under 28 U.S.C. § 1332. On November 1, 2007, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *See* 42 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own ("WYO") Program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[2]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP. *See, e.g., Newman v. Allstate*

---

[2] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

*Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006).  But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy.  *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).  In this case, the Court finds that federal question jurisdiction exists.  Despite the Plaintiff's argument in her remand motion that she is only asserting claims against Farmers under her homeowner's insurance policy, a review of her complaint reveals that she also makes allegations against Fidelity related to the handling of her flood insurance policy.  Accordingly, the Court has federal question jurisdiction over such claims against Fidelity, and will exercise supplemental jurisdiction over her remaining claims for the time being.[3]

**III.   CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 6) is DENIED.

New Orleans, Louisiana, this   28th   day of   January  , 2008.

　　　　　　　　　　　　　　　　　　　　　*Eldon E. Fallon*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3]  Therefore, the Court need not address Fidelity's alternative theories of federal jurisdiction at this time.