UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHELLE CANTELLI                                  CIVIL ACTION

VERSUS                                             NO:       07-06596

FIDELITY NATIONAL INSURANCE CO.                    SECTION: "L" (4)
and FARMERS INSURANCE EXCHANGE

ORDER

Before the Court is a **Rule 12(e) Motion to Clarify the Plaintiff's Pleadings (R. Doc. 10)**,

filed by Fidelity National Insurance Co. ("Fidelity"), seeking an order from the Court compelling

the Plaintiff, Michelle Cantelli ("Cantelli") to clarify her pleadings.  Cantelli did not file an

opposition to the motion.

I.      **Background**

Cantelli brings the subject action against Fidelity and Farmers Insurance Exchange

("Farmers")[1] regarding insurance proceeds for the damage sustained to her property at 600 Codifer

Boulevard, Metairie, Louisiana ("property") by Hurricane Katrina, on August 29, 2005.  (R. Doc.

1-3.)  According to Cantelli's complaint, Farmers issued a "dwelling policy" for her property,

covering wind-related perils, while Fidelity issued a "flood insurance policy," covering the peril of

flooding.  (R. Doc. 1-3.)

Fidelity asserts that it is a Write-Your-Own-Program ("WYOP") insurance company that

participates in the program established by National Flood Insurance Act of 1968, as amended, 42

---

[1] The record indicates that Cantelli erroneously designated Farmers as "Farmers Insurance Group" in her complaint.

U.S.C. § 4001, *et seq*. Therefore, Fidelity appears in this action in its fiduciary capacity as the fiscal agent of the United States.

On November 1, 2007, Cantelli filed a motion to remand, contending, among other things, that there was no federal question jurisdiction in the case.  However, the assertions and arguments in her motion to remand were inconsistent with the language of her complaint, and therefore, Fidelity filed the subject motion, requesting clarification. Fidelity identifies paragraph 7, 11, and 27[2] of Cantelli's complaint as being in dispute.

On January 28, 2008, United States District Judge Eldon E. Fallon ("Judge Fallon") issued an Order & Reasons (R. Doc. 17) in the case, denying Cantelli's outstanding motion to remand.  In ruling on Cantelli's motion, Judge Fallon reasoned that "[d]espite the Plaintiff's argument in her remand motion that she is only asserting claims against Farmers under her homeowner's insurance policy, a review of her complaint reveals that she also makes allegations against Fidelity related to the handling of her flood insurance policy." (R. Doc. 17, p. 3.)  Therefore, Judge Fallon concluded that "the Court has federal question jurisdiction over such claims against Fidelity, and will exercise supplemental jurisdiction over her remaining claims for the time being."  (R. Doc. 17, p. 3.)

In this subject motion, Fidelity requests clarification of Cantelli's complaint in light of her argument that there is no federal question jurisdiction over the case.  Particularly, Fidelity asserts that her argument contradicts her claims against Fidelity arising from her flood policy, which Fidelity asserts is National Flood Insurance Policy governed by federal law.  Accordingly, Fidelity requests that Cantelli identify all insurance policies and claims which she is asserting in the action.

---

[2] Fidelity's reference to "paragraph 27" appears to be in error, for Cantelli's Petition for Damages (R. Doc. 1-3), does not contain a "paragraph 27."  Rather, the complaint ends at paragraph "XIX" (19).  (R. Doc. 1-3.)

II.   **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."   Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests.  *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice.  *Id.*  Furthermore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery.  *Id.*; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order.  *Id.*

### III.   <u>Analysis</u>

Fidelity identifies several discrepancies or ambiguities in Cantelli's complaint and her motion to remand.  First, while Cantelli names Fidelity National Insurance "Company" in her complaint, she names and refers to Fidelity National Insurance "Group" throughout her motion for remand.  (R. Doc. 6.)  To the subject motion, Fidelity attaches a search of insurance companies named "Fidelity," which was performed on the Louisiana Department of Insurance website.  The search results do not list an insurance company in Louisiana by the name of Fidelity National Insurance "Group."  (R. Doc. 10-5, Ex. 3.)

Second, Fidelity asserts that both Cantelli's complaint and her motion for remand indicate that the flood insurance policy is at issue in the matter, and yet she also claims in her motion for remand that her lawsuit is not subject to federal question jurisdiction because it only involves the homeowner's insurance policy on her property.  In her complaint, Cantelli lists the policy numbered "99-02396887-2005" as a policy at issue.  (R. Doc. 1-3, p. 1.)  To the subject motion, Fidelity attaches a copy of the Flood Policy Declarations submitted to Cantelli, which lists Cantelli's policy number as "CURRENT POLICY #: 99023968872005."  (R. Doc. 10-5, Ex. 2.)  Furthermore, in Cantelli's motion to remand, she avers that the issue in the case "is total loss in connection with loss or damage from a peril covered by the homeowner's policy *and the policy issued by Fidelity*."  (R. Doc. 6, pp. 3-4, emphasis added.)  Therefore, Fidelity seeks clarification of Cantelli's claims because while it seems that she is making a claim on the flood policy, she explicitly disavows making a claim under the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001, *et seq.* in her motion to remand.  In light of Fidelity's contentions, the Court now proceeds with its analysis on the matter.

When considering Cantelli's Petition for Damages (R. Doc. 1-3) in conjunction with her contradictory assertions in her motion to remand, the Court concludes that Fidelity, a responding party, cannot reasonably respond to Cantelli's pleading.  On one hand, Cantelli claims that her flood insurance policy with Fidelity is at issue in the matter, and on the other hand, she claims that only the homeowner's insurance policy is in dispute in the action.  Cantelli's diametrically opposing positions cannot be remedied in the process of discovery, and must be the subject of an amended complaint.  In Fidelity's motion, Fidelity indicates that if the insurance policy is in issue, then it will need to further defend itself in this matter, but if not, then Fidelity will seek dismissal with prejudice.  Fidelity's alternative arguments underscore the ambiguity and difficulty for Fidelity to formulate a responsive pleading to Cantelli's complaint.

Furthermore, the Court notes that Fidelity has not yet filed a responsive pleading to Cantelli's complaint, and filed the subject motion before any answer was filed in the matter.  Therefore, Fidelity's motion is timely based on the requirement in Rule 12(e).  Accordingly, the Court grants Fidelity's request for Cantelli to clarify her pleadings.

**IV.**   **Conclusion**

In light of Judge Fallon's ruling and the foregoing,

**IT IS ORDERED** that Fidelity's **Rule 12(e) Motion to Clarify the Plaintiff's Pleadings (R. Doc. 10)** is **GRANTED**, such that Cantelli must file an amended complaint to clarify her claims no later than **ten (10) days** from the signing of this Order.

New Orleans, Louisiana, this ___14th___ day of March 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**